UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIANGLIN ZHOU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>　　　　Defendant. | Case No. 5:18-cv-03755-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 33 |

Mr. Jianglin Zhou ("Plaintiff"), appearing pro se, initiated this suit against Defendant United States ("IRS") seeking a refund of funds the IRS seized from Plaintiff's brokerage account to satisfy a tax debt. Dkt. No. 27 ("FAC"). Presently before the Court is the IRS's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 33. The motion has been fully briefed. *See* Dkt. Nos. 33-35.[1] The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the IRS's motion to dismiss is GRANTED without LEAVE TO AMEND.

**I.　BACKGROUND**

On August 6, 2012, the IRS issued a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing" ("Notice").[2] FAC ¶ 7, Ex. A. The Notice advised Plaintiff of the IRS's intent

---

[1] Plaintiff submitted a Reply to Defendant's Reply (Dkt. No. 36); however, such a filing is not authorized by the Local Rules and will not be considered by the Court.
[2] The Notice as issued is "required under Internal Revenue Code sections 6330 and 6331." FAC, Ex. A. Pursuant to Internal Revenue Code § 6330, the IRS shall give a party 30 days' notice

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1

to levy on [Plaintiff's] property or [Plaintiff's] right to property "30 days after the date of this letter." FAC, Ex. A. The IRS levied Plaintiff's brokerage account on August 17, 2012, only eleven days after the Notice date. FAC ¶ 8.

The IRS initially levied $21,428.95 from Plaintiff's brokerage account, but ultimately retained $12,298.25. FAC ¶ 9, Ex. B. Between 2012 through 2014, Plaintiff called multiple times and wrote three letters to the IRS requesting a "refund" of the $12,298.25. FAC ¶ 10. On or about May 20, 2014, Plaintiff filed two 843 Forms seeking a refund of the $12,298.25. *Id.* ¶ 1, Ex. C. In the 843 Forms, Plaintiff essentially asserted that he did not owe the IRS $12,298.25. Plaintiff contacted Defendant repeatedly in writing and by telephone to "follow up" on his Forms. *Id.* ¶ 12. As of the filing this action, Plaintiff has only received letters from the IRS requesting more time to consider his 843 Forms. *Id.* The IRS has not issued a formal decision on the 843 Forms. *Id.*

Plaintiff alleges that the IRS failed to provide 30-days' notice before levying as required by 26 U.S.C. § 6330, and therefore Plaintiff seeks damages pursuant to 26 U.S.C. §§ 7422 (civil action for refund) and 7433 (civil damages for unauthorized collection actions), as well as costs and fees pursuant to 26 U.S.C. § 7430. *Id.* ¶ 14. Plaintiff also alleges that his rights to due process and to be free from unreasonable searches and seizures under the Fourteenth and Fourth Amendments have been violated. *Id.* ¶ 15-16. Plaintiff seeks damages for the alleged constitutional violations pursuant to 42 U.S.C § 1983 and in accordance with *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Id.* Plaintiff seeks relief in the form of: (1) compensatory damages in the amount of $12,298.25 plus interest, (2) reimbursement for expenses, (3) Plaintiff's compensation for "losses due to the forced sale and excessive levy of Plaintiff's property," namely the brokerage account, (4) damages in the amount of $214,289.50 for the alleged constitutional violations, and (5) injunctive relief. *Id.* ¶¶ 18-22.

---

before their property is levied. 26 U.S.C. § 6330(a). Pursuant to Internal Revenue Code § 6331, the IRS may levy the property, of a person who is liable to the IRS and neglects to pay, after 10 days from the notice and demand. 26 U.S.C. § 6331(a).

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

2

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction and may be either facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial Rule 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Thus, it functions like a limited-issue motion under Rule 12(b)(6); all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B. Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that a claim "is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1998). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "[M]aterial which is properly submitted as part of the complaint may be considered." *Hal Roach Studios*, 896 F.2d at 1555 n.19.

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

3

### C. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the "court need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id*. But pro se parties must still abide by the rules of the court in which they litigate. *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986). A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

## III. DISCUSSION

### A. Sovereign Immunity Bars Claims for Alleged Constitutional Violations

Defendant contends that this Court lacks subject matter jurisdiction because the United States does not waive its sovereign immunity. Dkt. No. 33 at 4-11.

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Any waiver of sovereign immunity must be "unequivocally expressed," and will be strictly construed in favor of the sovereign. *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Gilbert*, 756 F.2d at 1458 (citing *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982)). Here, the IRS has not waived sovereign immunity for claims based upon alleged constitutional violations. *See Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Therefore, Plaintiff's claims based upon alleged constitutional violations by the IRS is barred. *Id*.; *see also Reese v. I.R.S.*, 167 Fed. App'x. 625 (9th Cir. 2006); *Gillings v. U.S. I.R.S.*, 138 Fed. App'x. 990 (9th Cir. 2005); *Quansah v. U.S.*, No. 94-20197 RMW (N.D. Cal. Feb. 13, 1995).

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

4

In response, Plaintiff argues this Court has jurisdiction because Defendant is the United States and because the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1340.

Sections 1331 and 1340 are general jurisdictional statutes that do not on their own waive sovereign immunity. *See Hughes v. United States*, 903 F.2d 531, 539 n.5 (9th Cir. 1992) citing *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

Plaintiff's reliance on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) is unavailing. In *Bivens*, the United States Supreme Court held that in appropriate cases federal government officials may be liable for violations of a citizen's constitutional rights committed in their official capacity. *Id*. at 396-97. Plaintiff has named only the IRS as a defendant, and not any federal government official. Plaintiff acknowledges that he has only sued the IRS and implies he would seek to amend his complaint to allege his claims against the Commissioner of the IRS. Dkt. No. 34 at 4. The proposed amendment is futile. The Ninth Circuit has held that *Bivens* remedies are not available to compensate plaintiffs for alleged constitutional violations committed by federal officials in the assessment of taxes. *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004). This is because Congress has provided considerable avenues of protection through the Internal Revenue Code. *Id*. at 1186; *see also Schwarz v. United States*, 234 F.3d 428, 434 (9th Cir. 2000); *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990), *cert. denied*, 498 U.S. 1096 (1991); *Ghaffari v. Internal Revenue Service*, No. 14-2927 PSG, 2015 WL 3630217 (N.D. Cal. June 10, 2015).

Further, Plaintiff argues the Court has jurisdiction under Title 28 United States Code § 1346, which provides a waiver of sovereign immunity given that district courts have jurisdiction over "civil action arising under any Act of Congress providing for internal revenue . . . alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1); *see also Dunn & Black*, P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007); *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996) ("Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
5

of taxes which have been erroneously collected."). However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). One condition falling under § 7422(a), provides that

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *see also Dalm*, 494 U.S. at 601. Plaintiff's claims under §§ 7433 and 7422 are discussed below.

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims for constitutional violations against the IRS. The claims for constitutional violations are dismissed without leave to amend. Plaintiff's request to amend his complaint to name the Commissioner of the IRS is denied.

**B.    Plaintiff's § 7433 Claim Is Untimely**

Defendant moves to dismiss Plaintiff's § 7433 claim arguing that the statute of limitations has run on Plaintiff's claim. Section 7433 authorizes a taxpayer to bring a civil suit for damages against the United States when an officer or employee of the IRS "recklessly or intentionally, or by reason of negligence" disregards Internal Revenue Code provisions. 26 U.S.C. § 7433(a). There are statutorily defined limitations, however, on a plaintiff's right to bring suit pursuant to section 7433. One limitation is that a section 7433 suit "may be brought only within two years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). The right of action accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action. 26 C.F.R. § 301.7433-1(g)(2). In *Anderson v. United States*, 2004 U.S. Dist. LEXIS 22021, *11 (N.D. Cal. Oct. 14, 2004), the courts defined the essential elements of a § 7433 claim as (1) a disregard of an Internal Revenue Code (2) that results in an unauthorized collection.

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

6

Here, construing the facts in the light most favorable to Plaintiff, his cause of action arose on August 17, 2012 when the IRS allegedly violated 26 U.S.C. § 6330 by levying Plaintiff's brokerage account without providing him 30-days' notice. Accordingly, Plaintiff had until August 17, 2014 to file suit. Plaintiff filed his initial complaint on June 22, 2018, well past the August 17, 2014 deadline. Thus, on its face, Plaintiff's section 7433 claim is untimely.

Plaintiff argues that he submitted the 843 Forms in May of 2014, before the August 17, 2014 deadline, and therefore his claim under section 7433 is "preserved." Dkt. No. 34 at 6. Plaintiff asserts that the IRS has not responded to Plaintiff's Form 843s and therefore, the statute of limitations has not run. The 843 Form is for requesting refunds, not for making a claim for damages under section 7433. Therefore, filing the 843 Forms did not preserve the statute of limitations for Plaintiff's section 7433 claim. The section 7433 claim is dismissed without leave to amend.

### C. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983

Defendant moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim on the grounds that the statute prohibits interreference with federal rights under color of state law and not federal law. Defendant's argument is well taken. Plaintiff's claim is against the United States acting under federal law, not any state law. Section 1983 does not provide a remedy for violations by federal officials acting under color of federal law or waive the sovereign immunity of the United States to claims of such violations. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *Yalkut v. Gemignani*, 873 F.2d 31, 35 (2d Cir. 1989). Moreover, the Ninth Circuit has "never recognized a constitutional violation arising from the collection of taxes." *Wages*, 915 F.2d at 1235. Accordingly, Plaintiff's claim arising under 42 U.S.C. § 1983 is dismissed without leave to amend.

### D. Plaintiff Has a Claim for Injunctive Relief

Defendant contends that Plaintiff's claim for injunctive relief is barred by the Anti-Injunction Act, which bars all suits "for the purpose of restraining the assessment or collection of any tax." *See Miller v. Standard Nut Margarine Co.*, 248 U.S. 498, 503 (1932); *see also* 26 USC

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
7

§ 7421. "The purposes of the [Anti-Injunction Act] are to allow the Federal Government to assess and collect allegedly due taxes without judicial interference and to compel taxpayers to raise their objections to collected taxes in suits for refunds." *Warren v. C.I.R.*, 302 F.3d 1012, 1015-16 (9th Cir 2002), quoting *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 584 (4th Cir. 1996). The district court must dismiss any suit that does not fall within one of the exceptions to the Act. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 757-58, 40 L. Ed. 2d 518, 94 S. Ct. 2053 (1974). There is a narrow exception under 7421(a) that applies only if taxpayers meet two requirements: (1) the taxpayer proves the government could not ultimately prevail on the merits of its tax claim under any circumstance, and (2) the taxpayer will suffer irreparable harm without injunctive relief. *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990) (citing *Maxfield v. United States Postal Service*, 752 F.2d 433 (9th Cir. 1984).

Here, Plaintiff does not assert that he falls within the narrow exception under the Anti-Injunction Act or otherwise respond to Defendant's motion. Accordingly, Plaintiff's claim for permanent injunctive relief is also dismissed without leave to amend.

### E. Plaintiff's Damages (§ 7433) and Refund (§ 7422) Claims Are Barred by Res Judicata

Defendant contends that res judicata bars Plaintiff's damages and refund claims because a Federal Claims court determined that Plaintiff and his wife owed the outstanding balance of $12,298.25 to the IRS and that the funds were properly levied. *See Zhou v. United States*, 727 Fed. App'x. 651 (Fed. Cir. 2018), *aff'g* 133 Fed. Cl. 322 (2017). The Court agrees.

In order for res judicata to apply "there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citation omitted). "[I]dentity of claims exists when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (internal quotation marks omitted).

Here, Plaintiff's claims arise from the same transactional nucleus of facts present in the

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
8

Federal Claims court case. Plaintiff originally challenged an IRS notice of deficiency in Tax Court in June 2010. *Zhou*, 133 Fed. Cl. 322 at 324. In that action, the parties stipulated to amounts and agreed to settle the action. *Id*. Aside from the deficiencies, Plaintiff still had unpaid liabilities for the same tax years 2006 and 2007. The IRS levied Plaintiff's brokerage account in August 2012. Plaintiff then filed a claim in Federal Claims court seeking a refund of the amounts levied. *Zhou*, 133 Fed. Cl. 322 at 325. The Federal Claims court ultimately granted Defendant's summary judgment on the grounds that Plaintiff had underpaid his taxes and was liable for the debt to the IRS, and that the "IRS properly levied [plaintiffs'] brokerage account to collect it." 133 Fed. Cl. at 327. Thus, the first element of identity of claims is met. Additionally, a final judgment on the merits was issued by the Federal Claims court. A summary judgment is a decision on the merits for res judicata purposes. Thus, the second element is met as well. Lastly, there is an identity of parties because the same Plaintiff and Defendant litigated both cases. Accordingly, Plaintiff's claims for damages and refund are barred by res judicata.

Plaintiff argues that his claims for violation of his constitutional rights are not barred by res judicata because the Federal Claims court dismissed these claims for lack of jurisdiction. *Zhou*, 133 Fed. Cl. at 325. As previously discussed above, Plaintiff's constitutional claims cannot be asserted against the Defendant.

## IV. ORDER

Defendant's Motion to Dismiss (Dkt. No. 33) is GRANTED. All causes of action are DISMISSED WITHOUT LEAVE TO AMEND. Any amendments to the pleadings would be futile.

Judgment will be entered in favor of Defendant, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 22, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03755-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
9